June 15, 1909.

———o———

## No. 4826.

## Court of Appeal, Parish of Orleans.

PARISH OF PLAQUEMINE, STATE EX REL JAS. WILKINSON VS. FELIX HINGLE.

1. The term of an office is distinct from the tenure of the incumbent. The one has reference to the time during which an officer may claim and hold the office of right; the other means simply the time during which he actually remains in office.

2. Terms of office are fixed periods and succeed each other at regular intervals without intermission. They are not dependent upon the accident of tenures.
3. Title to public office cannot be assailed collaterally.
4 Surplusage in a judgment which does not affect the substance and result will not be noticed on appeal.

Appeal from the Twenty-ninth Judicial District Court.

Jas. Wilkinson and John Dymond, Jr., for Plaintiff and Appellee.

O. S. Livaudais, for Defendant and Appellant.

ST. PAUL, J. This is an action to oust the defendant from the office of Parish Treasurer for the Parish of Plaquemines, which he refuses to surrender to one claiming to be his successor.

Defendant was first elected June 16, 1900. Under the provisions of Act 121 of 1898 the term was two years, and expired June 16, 1902.

He was then re-elected and the term expired June 16, 1904.

On that day he was again re-elected and the term expired June 16, 1906. But at that time no election took place and defendant continued to hold the office under the provision of Sec. 172 of the Constitution of 1898. On January 3, 1907, defendant was again re-elected Parish Treasurer. At none of these elections was anything mentioned about the term. On August 20, 1908, Joseph Savore was elected Parish Treasurer in the place and stead of defendant, but the latter claims the right to hold the office until January 3, 1909, and refuses to surrender it to Savore.

The District Attorney takes these proceedings to compel him to do so. There was judgment for the relator and defendant appeals.

Now the *term* of an office must be distinguished from the *tenure* of the incumbent.

The *term* means the time during which the officer may claim and hold the office of right and fixes the interval at which the several incumbents shall succeed each other. The *tenure* represents the time during which the incumbent actually holds the office. The one has reference to the right to hold the office, the other to the fact of holding it.

Terms begin and end at fixed periods and the several terms

succeed each other at regular intervals and without intermission.

On the other hand, a tenure has no fixed duration, it may be for a whole term or several terms, or it may be only for the unexpired portion of a term. It may even lap over from one term into another, as when an officer holds over until his successor qualifies. There may even be intervals between two tenures as when an officer resigns or dies and his successor is not appointed at once. One may hold office during a number of successive terms, yet there would be but one continuous tenure during the whole time.

It is therefore clear that beginning June 16, 1900, one term ended and another began every two years thereafter; so that on June 16, 1906, the term for which defendant had been elected two years before had expired and a new term had began to run. But as no election then took place, defendant remained in office; in other words, his *tenure* continued and ran over into the new term which had already begun to run. That term was to expire June 16, 1908.

When, therefore, on January 3, 1907, defendant was again elected there remained only the unexpired portion of a term to be filled and that was all to which defendant could be elected.

Since the term, to the unexpired portion of which defendant had been elected, ended on June 16, 1908, a new term began to run at once on the same day, and to that new term defendant had no right or title whatsoever, although under the constitutional provision he might hold over until his successor was inducted into the office.

When, therefore, on August 20, 1908, Savore was elected to the office and in due course qualified for and demanded the same, defendant was without right whatsoever to refuse to surrender it up to him.

On the merits this case was therefore properly decided.

We are also of opinion that the District Judge properly excluded any inquiry into the election and qualifications of the Police Jury by which Savoie was elected. They were at least *de facto* police jurors and their title to office could not be challenged collaterally.

We are likewise of opinion that defendant's plea of estoppel and motion to elect were properly overruled.

The fact that the police jury endeavored to remove defendant for alleged cause during the time that he was holding over can

not possibly be construed into an admission of anything more than that defendant was actually holding the office. It is certainly no more an admission that he was entitled to the office than the discharge of a clerk for incompetency would be an admission that he was employed under some contract which he claims.

Nor do we find any inconsistency in urging as cause for ousting him from the office both the fact that he was not entitled thereto and the fact that he has been rtmoved for cause. We could see no inconsistency in a merchant setting up as a defence to a suit by a discharged employe both that he was not under contract, and that, if so, there was good cause for his discharge. It simply amounts to this, that if defendant was not entitled to the office, it is wholly unnecessary for the court to examine into the regularity of the attempted removal.

Accordingly we have not examined into or considered the regularity of the proceedings for removal, and therefore must not be understood as indorsing that part of the judgment which reads: "*and likewise* declaring the removal of Mr. Felix Hingle as Parish Treasurer to be legal and in accordance with the laws of this State."

This, however, is mere surplusage in the judgment, which in substance and effect simply recognizes the title of the new treasurer and directs the defendant to surrender the office to him.

The judgment is correct, and it is therefore affirmed.

Rehearing refused June 28, 1909.

Writ granted by Supreme Court, July 16, 1909.